| | |
|---|---|
| Mo Jacob, | 2:16-cv-02639-JAD-VCF |
|     Plaintiff | **Order Granting Judgment on the Pleadings** |
| v. | [ECF No. 50] |
| Dennis E. Rusk an individual, and Dennis E. Rusk, Architect LLC, a Nevada limited liability company, | |
|     Defendants | |

In 2005, Defendant Dennis E. Rusk contracted with a real-estate developer to build a new condominium complex called VERGE in Las Vegas, Nevada. The building plans were never approved, and when the recession hit in 2007, the project was no longer economically feasible, and VERGE was never built. VERGE sued Rusk, and Rusk sued VERGE; they settled, but then they rescinded the settlement agreement. Plaintiff Mo Jacob invested in VERGE and is the assignee of half of VERGE's legal claims. So Jacob, individually and on behalf of VERGE, sues Rusk (and his LLC) for various claims arising from the 2005 contract and the 2009 settlement agreement. But his suit is too late: the statute of limitations has run on every claim, leaving Jacob unable to assert any claim upon which relief can be granted. So I grant Rusk's motion for judgment on the pleadings.

**Background**

In January 2005, Rusk executed a contract in Los Angeles, California, with a real-estate developer to build a condominium complex called VERGE in Las Vegas, Nevada.[1] A couple years and several revisions later, the building plans were still not approved.[2] At the end of 2007, after 75% of the units were under contracts for purchase, it was determined that building VERGE

---

[1] ECF No. 1 at 5, ¶¶ 14–15.

[2] *Id.* at 7–8, ¶¶ 23–30.

was not economically feasible, so the project was abandoned and the earnest money deposits were returned.[3]

VERGE's developer filed a complaint with the Nevada State Board of Architecture (NSBA) against Rusk for misrepresenting his ability to draft the building plans for VERGE.[4] On October 21, 2009, during a break at an all-day settlement conference, the parties stepped outside to smoke and chat without their lawyers present.[5] Rusk assured the developer that the VERGE project could still be a success, and he had some new plans that were "shovel ready."[6] The parties orally agreed to settle based on Rusk's representations; that agreement was memorialized in writing and finalized in December 2009.[7] Rusk later admitted in the NSBA hearings that many of the representations he made to the developer were false, including the assurances he made during the smoke-break conversation.[8] The parties then rescinded the settlement agreement in January 2010.[9] This action was initially filed on February 5, 2016, and alleges claims arising out of the rescinded settlement agreement as well as the original contract that predates the settlement rescission by five years.[10]

**Discussion**

**A.  Judgment-on-the-pleadings standard**

"Judgment on the pleadings is properly granted when, taking all the allegations in the

---

[3] *Id.* at 8–9, ¶¶ 29, 31–32, 34.

[4] *Id.* at 9, ¶ 35.

[5] *Id.* at 11, ¶¶ 43–45.

[6] *Id.* at 11–12, ¶¶ 45–47.

[7] *Id.* at 13, ¶¶ 50–51.

[8] *Id.* at 15, ¶ 55.

[9] *Id.* at 15, ¶ 56.

[10] *Id.*

pleadings as true, the moving party is entitled to judgment as a matter of law."[11] In ruling on a Rule 12(c) motion, the court may not consider extrinsic evidence unless the motion is converted into a Rule 56 motion for summary judgment.[12] A court may, however, consider facts that are contained in materials that the court can take judicial notice of without converting the motion into one for summary judgment.[13]

**B.     Statute of limitations**

As an initial matter, the parties dispute whether I should apply California's[14] or Nevada's statute of limitations. But it makes no difference which state's law I apply because the period for filing on these facts had expired under either scenario. Jacob would prefer that I apply California's law because § 351 of the California Civil Procedure Code tolls the statute of limitations while the defendant is outside the state of California.[15] But the Ninth Circuit found that tolling statute unconstitutional in *Abramson v. Brownstein*.[16] The *Abramson* court held that "[s]ection 351 violates the Commerce Clause" because it "requires a person engaged in interstate commerce outside of California to be in California for the appropriate limitations period in order to avoid the application of [Section 351]."[17] It "forces a nonresident individual engaged in interstate commerce to choose between being present in California for several years or forfeiture

---

[11] *Rose v. Chase Bank, USA, N.A.*, 513 F.3d 1032, 1036 (9th Cir. 2008) (internal citation omitted).

[12] *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

[13] *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

[14] Jacob argues that California's law applies because the 2005 contract was executed in Los Angeles, California.

[15] ECF No. 56 at 8–9 (citing Cal. Civ. Proc. Code § 351 (West 2017)).

[16] *See Abramson v. Brownstein*, 897 F.2d 389, 392 (9th Cir. 1990).

[17] *Id.*

of the limitations defense, remaining subject to suit in California in perpetuity."[18]

In both Nevada and California, the statute of limitations begins to run as soon as the cause of action accrues.[19] "The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought."[20] "An exception to the general rule has been recognized by this court and many others in the form of the so-called 'discovery rule.'"[21] "Under the discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action."[22]

Jacob alleges that the settlement agreement was rescinded *because* Rusk made fraudulent representations to induce the settlement.[23] So the last of Jacob's claims—those regarding the settlement agreement—accrued, at the latest, when that agreement was rescinded in January 2010.[24] Any claims regarding the original contract accrued well before January 2010.

The longest period for filing any of Jacob's claims under California's or Nevada's statutes of limitations is six years.[25] This action was filed six years and five days (at the most

---

[18] *Id.*

[19] *Compare Norgart v. Upjohn Co.*, 981 P.2d 79, 88 (Cal. 1999) *with Bemis v. Estate of Bemis*, 967 P.2d 437, 440 (Nev. 1998).

[20] *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also Norgart*, 981 P.2d at 88.

[21] *Id.*

[22] *Id.*

[23] ECF No. 1 at 15, ¶ 56.

[24] The complaint doesn't give a specific date in January, so I assume for the sake of argument that the settlement agreement was rescinded on January 31, 2010.

[25] *Compare* Cal. Civ. Pro. Code §§ 335–349.4 (Chapter 3 of California's Code of Civil Procedure "The Time of Commencing Actions Other than for the Recovery of Real Property") *with* Nev. Rev. Stat. § 11.190 (Periods of limitation). Nevada allows a plaintiff to file a claim arising out of a written contract within six years of accrual. California allows only four years. Claims of fraud must be filed within three years of accrual in both states.

generous calculation) after the last of Jacob's claims accrued.  Applying the most generous estimations and the most lenient rule for claim accrual, I find that none of Jacob's claims survived the statute of limitations under any law in either state.

## Conclusion

Accordingly, with good cause appearing and no just reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Rusk's motion for judgment on the pleadings **[ECF No. 50] is GRANTED**.

The **Clerk of Court is directed to enter judgment in Rusk's favor and CLOSE THIS CASE.**

DATED: September 25, 2017.

_____
Jennifer A. Dorsey
United States District Judge