# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Mo Jacob,

    Plaintiff

v.

Dennis E. Rusk, et al.,

    Defendants

Case No.: 2:16-cv-02639-JAD-VCF

**Order Denying Motion for Sanctions**

[ECF Nos. 65, 67]

    I previously granted defendant Dennis E. Rusk's motion for judgment on the pleadings, finding that plaintiff Mo Jacob was—under the most generous claim-accrual calculation and the longest possible limitations period—five days too late in filing his claims.[1] Rusk now moves for sanctions against Jacobs and his attorney, Robert Yaspan, arguing that Yaspan unreasonably and vexatiously multiplied these proceedings by failing to abandon this lawsuit in the face of Rusk's statute-of-limitations argument.[2] I find that Yaspan argued in good faith that a California tolling statute applied to Jacob's claims and brought them within the limitations period. So, I decline to sanction Yaspan or Jacob for maintaining this lawsuit.

## Background

    Jacob is a resident of California, and the defendants are residents of Nevada.[3] Jacob consulted for, and invested in, the development of VERGE ("a High-Rise Condominium project with retail shops, restaurants, theatre, professional offices, etc."[4] that would be built in Las Vegas), and Rusk was the architect for VERGE. For many reasons, VERGE was never built, which led to much litigation between Rusk, Jacob, VERGE, and other interested parties. The parties settled their disputes based on some assurances from Rusk, but that settlement was

---

[1] ECF No. 63. I applied a six-year statute of limitations for the sake of argument, even though the claims fell under shorter limitations periods.

[2] ECF No. 65.

[3] ECF No. 1 at 2, 4.

[4] ECF No. 1-1.

rescinded when the Nevada State Board of Architecture discovered that Rusk had misrepresented many of the bases for their settlement.

Jacob brought this action in California and alleged claims arising out of the rescinded settlement agreement as well as the original contract to build VERGE (which predated the settlement rescission by five years). The Central District of California requires litigants to meet and confer before filing a summary-judgment motion, so Rusk met with Jacob to discuss his bases for requesting summary judgment. At that meeting, Rusk raised his statute-of-limitations argument (among others), Jacob responded that a California civil-procedure statute tolled the limitations period while Rusk was in Nevada, and Rusk replied that Nevada law—not California law—governs this case.[5] The parties couldn't resolve their disputes at that conference, so Rusk moved for summary judgment.

In his motion, Rusk once again raised the statute-of-limitations argument.[6] And without discussing which state's law governs, Jacob echoed his pre-motion-conference argument that California law tolled the limitations period.[7] The California court denied the motion without prejudice because Rusk failed to comply with the local rules, and before Rusk could renew his argument with a rule-compliant motion, the California court transferred Jacob's case to this district. Rusk then moved for judgment on the pleadings (a motion that was functionally equivalent to his summary-judgment motion). I granted that motion, after concluding that, regardless of which state's law I applied, Jacob's claims were too late. I also found that the California tolling statute was unconstitutional as applied because it violated the commerce clause. Rusk now moves for sanctions against Jacob's attorney for maintaining this lawsuit, in spite of earlier indications that the claims were too late.

---

[5] ECF No. 65 at 5.

[6] There was some discussion about which state's law governed this case, but that discussion was eclipsed by Rusk's contention that it didn't matter because the statute had run under either state's laws. ECF No. 29 at 14–21.

[7] ECF No. 33 at 25–28.

2

## Discussion

### A. Standard for sanctions under 28 U.S.C. § 1927[8]

The United States Code allows a court to sanction an attorney for "unreasonably and vexatiously" "multipl[ying] the proceedings in any case."[9] This sanction applies "only to unnecessary filings and tactics once a lawsuit has begun"; it does not apply to the filing of a complaint.[10] To be sanctioned under § 1927, the attorney must have acted in bad faith.[11] "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."[12] "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass. Thus, while it is true that reckless filings may be sanctioned, and nonfrivolous filings may also be sanctioned, reckless nonfrivolous filings, without more, may not be sanctioned."[13]

### B. Sanctions under § 1927 are not warranted.

Rusk argues that it was unreasonable and vexatious for Jacob to maintain this lawsuit after Rusk raised the statute-of-limitations argument at the pre-summary-judgment-motion conference.[14] To get around this argument, Jacob had to rely on a California tolling statute that has been found to be unconstitutional where interstate commerce is involved.[15] So, this raises

---

[8] I do not address Jacob's arguments regarding Rule 11 of the Federal Rules of Civil Procedure because Rusk seeks sanctions exclusively under 28 U.S.C. § 1927. ECF No. 65 at 9 n.2. Although Rusk reminds me of my inherent authority to impose sanctions under Rule 11 sua sponte, ECF No. 65 at 9 n.2, I decline to do so.

[9] 28 U.S.C. § 1927.

[10] *In re Keegan Management Co., Securities Litigation*, 78 F.3d 431, 435 (9th Cir. 1996).

[11] *Id.* at 436; *see also Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986).

[12] *In re Keegan*, 78 F.3d at 436 (quoting *Estate of Blas*, 792 F.2d at 858) (internal quotations omitted).

[13] *Id.*

[14] ECF No. 65 at 8.

[15] ECF No. 33 at 26–27.

3

two questions. First, did Jacob lack a good-faith belief that California applied? And second, did Jacob believe in bad faith that interstate commerce was not involved?

### 1. *Rusk has not shown that Jacob had a bad-faith belief that California law applied.*

Jacob never directly addresses the governing-law issue, but he relies entirely on a California tolling statute to get his claims within the relevant limitations periods.[16] So, it's fair to say that he believes California's law governs the underlying dispute. Rusk, on the other hand, contends that Nevada law applies.[17] But his contentions (in this motion and throughout this case) are conclusory and lack any analysis or supporting citations.[18] So, Rusk has not met his burden to show that Jacob lacked a good-faith belief that California law applied.

### 2. *Jacob had a good-faith belief that Cal. Civ. Proc. Code § 351 applied.*

Jacob relied on California Civil Code § 351 to toll the statute of limitations and bring his claims within the applicable limitations periods.[19] That statute has been found unconstitutional when it interferes with interstate commerce,[20] and I found that to be the case here.[21] Although Rusk alluded to that statute's unconstitutionality earlier in this case,[22] my finding does not prove that Jacob's reliance on it was unreasonable or vexatious. Jacob argued in good faith that his

---

[16] *See* ECF Nos. 33, 50.

[17] *See* ECF No. 65 at 5.

[18] *See, e.g.*, ECF No. 65 at 5 ("[Rusk's] retort was that under conflict of laws principles, it was the Nevada statutes [that] applied.") and n.1 ("With reference to the Opposition to Motion for Summary Judgment . . . the position of the Plaintiff offered through Yaspan in an attempt to argue that the matter did not involve interstate commerce determinatively demonstrated that the proper statutes of limitations could only be those of Nevada."); ECF No. 65 at 8 ("Functionally ignored, at the onset and in the reply, was the fact that under immutable conflict of laws principles, the Nevada statutes, not the California statutes, of limitations applied to the transactions."); ECF No. 29 at 15 (citing to no authority and establishing no conflict-of-laws standards and concluding: "The statutes of limitations applying to the Plaintiff's claims are, therefore, the applicable statutes in Nevada."); ECF No. 50 at 13 (same).

[19] ECF No. 56 at 8–9.

[20] *See Abramson v. Brownstein*, 897 F.2d 389 (9th Cir. 1989).

[21] ECF No. 63 at 3.

[22] ECF No. 29 at 20.

4

involvement with VERGE did not impact interstate commerce,[23] so the tolling statute was still constitutional as applied to him.[24]

Based on the record, I cannot conclude that Jacob was unreasonable or vexatious in maintaining this lawsuit by defending his claims against Rusk's repeated attempts to bring an early end to this action. Rusk has not shown that Jacob's reliance on California law was reckless and frivolous, and Jacob has shown that he had a good-faith belief that the California tolling statute applied to him. So, I deny Rusk's motion for sanctions.[25]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Rusk's motion for sanctions **[ECF No. 65] is DENIED**. And because I read and considered Rusk's reply brief in deciding this motion, his motion for an enlargement of time **[ECF No. 67] is GRANTED**.

Dated: May 1, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[23] Although Jacob invested in and consulted on the Verge project, he argues that he "is not the developer of the Verge property, he did not own Verge, he was not the builder of the Verge property and he did not own the Verge real property." ECF No. 66 at 11.

[24] ECF Nos. 33 at 26–27; 66 at 10–11 (citing *Pratali v. Gates*, 4 Cal. App. 4th 632, 641 (1992) (holding that § 351 is not unconstitutional where there is no interference with interstate commerce)).

[25] I disregard Rusk's supplemental brief in support of his motion for sanctions because he filed it without leave of court in violation of Local Rule 7-2(g).